**FILED**

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

SEP 2 3 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK



| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>MULTIPLE ELECTRONIC DEVICES LOCATED IN<br>CARY, NORTH CAROLINA | )<br>)<br>)  Case No. 5:24-mj-2226-RN<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
MULTIPLE ELECTRONIC DEVICES LOCATED IN CARY, NORTH CAROLINA, as described in Attachment (insert)

located in the _____Eastern_____ District of _____North Carolina_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A | Distribution, Receipt, and/or Possession Child Pornography |

The application is based on these facts:
See attached affidavit which is attached hereto and incorporated herein by reference

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Garett L. Foo
*Applicant's signature*

Garett Foo, Special Agent - F.B.I.
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 over the telephone.

Date: September 22, 2024

*Judge's signature*

City and state: Raleigh, NC

Robert T. Numbers II, United States Magistrate Judge
*Printed name and title*

CLW

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IN THE MATTER OF THE SEARCH OF
MULTIPLE ELECTRONIC DEVICES
LOCATED IN CARY, NORTH CAROLINA

Case No. 5:24-mj-2226-RN

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Garett L. Foo, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property— electronic devices and any extractions of electronically stored information from said devices—which are currently in law enforcement possession, for evidence, contraband, fruits, and instrumentalities of violations of Title 18 U.S.C. §§ 2252A(a)(2)(A) and (a)(5)(B) as described in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI), assigned to the FBI's Charlotte Field Office, Greensboro Resident Agency. My responsibilities include enforcing federal laws as set forth in the United States Code (U.S.C.), including violations of Title 18 U.S.C. § 2252A(a)(2)(A) Receipt/Distribution of Child Pornography and Title 18 U.S.C. § 2252A(a)(5)(B) Possession of/Access with Intent to View Child Pornography. I have received extensive training related to criminal investigations. Prior to joining the FBI, I was employed as a securities fraud investigator for the State Corporation Commission of Virginia for over five years. Since becoming a Special Agent, I have received extensive training related to criminal investigations. I have completed the FBI's Crimes Against Children Basics Investigations Course in Linthicum, Maryland, which is a training for techniques and practices for investigations related

CLW

to child exploitation and child exploitation imagery. I have worked as a liaison with local, state, and federal law enforcement authorities regarding investigations and emerging threats related to the exploitation of children. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(a)(5)(B), and I am authorized by law to request a search warrant. As a Special Agent, I am authorized to investigate violations of laws and to execute warrants issued under the authority of the United States.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

**IDENTIFICATION OF THE DEVICES TO BE EXAMINED**

4. The property to be searched is as follows:

    a. Samsung Galaxy Note 9, Serial Number N96041RF8K905MLLW;

    b. Samsung Galaxy Note 9, IMEI 358620091036239;

    c. Samsung Galaxy Note 9 and accompanying SD card, found in a black laptop bag;

    d. Samsung Galaxy Note 9, found in a black bookbag;

    e. Samsung Galaxy Note 9, found in a nightstand;

    f. Samsung Galaxy Note 8 (Black);

    g. Seagate Backup Plus Hard Drive, Serial Number NA7L5MSE;

    h. My Passport Hard Drive, Serial Number WX82D90KKD6J;

    i. Sony Personal Computer, Model SVE151D112;

    j. Lenovo Ideapad, Serial Number YD05E930;

    k. Mophie Hard Drive, Serial Number 154517B20566;

    l. WD Blue Solid State Drive, Serial Number 204301A001F9;

CLW

    m. Sky PAD8Pro, Serial Number SKPA8P2306037383;

    n. Samsung Model SM-T217A, FCC ID A3L5MT217A;

    o. Lenovo Tablet Model Yoga Tablet 2-1051F, FCC ID 057YT21051F;

    p. Iomega Hard Drive, Serial Number XHAB261239;

    q. Seagate Hard Drive, Serial Number NA02E315;

    r. Lacie Hard Drive, Serial Number 14291207261186QR;

    s. Five (5) USB Flash Drives and one (1) Sandisk card; and

    t. Any extractions of electronically stored information from said devices.

hereinafter the "Devices." The Devices are currently located at an FBI office in Cary, North Carolina in Wake County.

5. The Devices were recovered during the search of a residence and an individual in Greensboro, North Carolina authorized by search warrants issued in the Southern District of Florida.

6. The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

### PROBABLE CAUSE

7. On September 21, 2024, the FBI executed a search of a residence and an individual (Individual-1) in Greensboro, North Carolina pursuant to search warrants issued in the Southern District of Florida in an investigation unrelated to child exploitation. The said warrants authorized the seizure and search of electronic devices for certain evidence. The property identified in paragraph 4a was recovered from Individual-1's person. The property identified in paragraphs 4b-4s was recovered from the residence's primary bedroom. The residence is a second floor two-bedroom and two-bathroom dwelling. The first floor of the building is not a residential space and

is not accessible to residents. The entrance to the residence immediately opens to a connected kitchen and living room, with a hallway to the right leading to two bedrooms, one bathroom, and one storage room. The bedroom on the left side of the hallway, the primary bedroom, is connected to a personal bathroom. The storage room contains a couch, several storage containers, and loose articles of clothing.

8. The rental contract for the residence lists Individual-1 as the sole occupant and was signed in early August of 2024. Surveillance of the residence conducted by FBI since Friday September 20, 2024, confirmed a vehicle registered to Individual-1 was consistently parked overnight at the residence. During this surveillance, no additional vehicles were observed at the residence. FBI agents observed Individual-1 driving the aforementioned vehicle on multiple dates during the week of September 16, 2024. Additionally, on September 22, 2024, the residence's property manager advised that Individual-1 was the only person who applied to reside at the residence and was the only person known to live at the residence.

9. As stated above, the property identified in paragraphs 4b-4s was recovered from the primary bedroom. Several items within the room identify it as Individual-1's bedroom. In the room were several prescription medicine bottles in Individual-1's name and Individual-1's first name was written on a Starbucks bag on a bedside dresser. Additionally, the television in the bedroom was "on" prior to FBI agents entering the residence on September 21, 2024.

10. The property identified in paragraph 4c, a phone and accompanying SD card, was recovered from a black laptop bag found in the primary bedroom. The SD card was inside the phone. On the phone is the label "Manufactured in Korea." On the evening of September 21, 2024, when an FBI Digital Forensic Examiner (DFE) powered on this device, a message appeared offering a reward if the phone were returned to its owner. An email, known to law enforcement to

CLW

belong to Individual-1, was provided as a contact in the message. The email address is comprised of Individual-1's first initial and last name.

11. While examining the contents of the SD card from the phone identified in paragraph 4c, the FBI DFE encountered numerous files and folders that, based on his and my training and experience, possess titles indicative of child pornography, such as "11yo & 13yo masturbate plus ride" and "PTHC..." PTHC is an acronym commonly used to refer to "pre-teen hardcore" pornography. The DFE observed two folders titled "best cp" and "young girls1," which, based on my training and experience, are consistent with the possession of child pornography, often referred to as "cp." Within the folders, the DFE observed several images and videos depicting child pornography. For example, one self-produced video depicted a minor female, approximately age 10-12, completely undress herself and engage in masturbation with an object. The DFE observed the beginning of another video that the DFE recognized to be from a commonly encountered child pornography series. The video depicts an adult male engaging in vaginal intercourse with minor females. The DFE ceased further examination of the device and I now seek the instant warrant.

12. Based on my training and experience, I know that the vast majority of individuals who view and possess child pornography obtain it via the Internet by means that include peer-to-peer networks, mobile messaging applications, online forums, and the dark web. It is also common for such individuals to have viewed and to possess child pornography on multiple devices. Further, such individuals often maintain custody of said devices even when they acquire new devices.

## TERMINOLOGY

13. Based on my knowledge, training, and experience, I use the following terms to convey the following meanings:

CLW

a. "Child pornography", as defined in 18 U.S.C § 2256(8), is any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital images, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

b. "Minor," as defined in 18 U.S.C § 2256(1), means any person under the age of eighteen years old.

c. "Sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), means actual or stimulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the anus, genitals, or pubic area of any person.

d. "Visual depiction," as defined 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

e. "Child erotica" means any materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily obscene or do not necessarily depict minors engaging in sexually explicit conduct.

CLW

f. "Computer" refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device" and includes smartphones, other mobile phones, and other mobile devices. See 18 U.S.C. § 1030(e)(1).

g. The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

14. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

15. With respect to traditional desktop and laptop computers and their drives, there is probable cause to believe that things that were once stored on them may still be stored there, for at least the following reasons:

a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a

CLW

computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

16. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described in the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual

information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

17. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

18. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

19. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

/s/ Garett L. Foo
Garett L. Foo
Special Agent
Federal Bureau of Investigation

CLW

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this written affidavit.
Dated: September 22, 2024

*Robert T Numbers II*
Robert T. Numbers, II
United States Magistrate Judge

CLW

## ATTACHMENT A

The property to be searched is as follows:

a. Samsung Galaxy Note 9, Serial Number N96041RF8K905MLLW;

b. Samsung Galaxy Note 9, IMEI 358620091036239;

c. Samsung Galaxy Note 9 and accompanying SD card, found in a black laptop bag;

d. Samsung Galaxy Note 9, found in a black bookbag;

e. Samsung Galaxy Note 9, found in a nightstand;

f. Samsung Galaxy Note 8 (Black);

g. Seagate Backup Plus Hard Drive, Serial Number NA7L5MSE;

h. My Passport Hard Drive, Serial Number WX82D90KKD6J;

i. Sony Personal Computer, Model SVE151D112;

j. Lenovo Ideapad, Serial Number YD05E930;

k. Mophie Hard Drive, Serial Number 154517B20566;

l. WD Blue Solid State Drive, Serial Number 204301A001F9;

m. Sky PAD8Pro, Serial Number SKPA8P2306037383;

n. Samsung Model SM-T217A, FCC ID A3L5MT217A;

o. Lenovo Tablet Model Yoga Tablet 2-1051F, FCC ID 057YT21051F;

p. Iomega Hard Drive, Serial Number XHAB261239;

q. Seagate Hard Drive, Serial Number NA02E315;

r. Lacie Hard Drive, Serial Number 14291207261186QR;

s. Five (5) USB Flash Drives and one (1) Sandisk card; and

t. Any extractions of electronically stored information from said devices

hereinafter the "Devices." The Devices are currently located at an FBI office in Cary, North Carolina in Wake County.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

CLW

## ATTACHMENT B

1. All records on the Devices described in Attachment A that relate to violations of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B), including:

   a. child pornography, as defined in 18 U.S.C. 2256(8), and its source;

   b. child erotica and its source;

   c. information referencing or revealing child pornography or child erotica;

   d. information referencing or revealing the trafficking, advertising, or possession of child pornography, to include the identity of the individuals involved and location of occurrence;

   e. information referencing or revealing a sexual interest in children or the sexual exploitation of children, to include the identity of the individuals involved and location of occurrence;

   f. information referencing or revealing communication or interaction of an illicit sexual nature with minors, to include the identity of the individuals involved and location of occurrence;

   g. information referencing or revealing participation in groups or the use of services that are known to be used to facilitate the trafficking of child pornography; and

   h. information referencing or revealing the use of remote computing services such as email, cloud storage, or social media services where child pornography may be found or exchanged.

2. Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

CLW

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

If, during the execution of this warrant, the government discovers materials that are potentially attorney-client privileged or subject to the work product doctrine ("protected materials"), the Prosecution Team will discontinue its review until the potentially protected materials have been segregated from other evidence obtained under this warrant. Prior to any further review of the identified potentially protected materials, the Government will notify the Court of the need to establish a court-approved process for review and filtering of the potentially protected materials.